Woolston v. Beck.

KEZIAH WOOLSTON

*v.*

JAMES B. BECK et al.

A testator gave the use of a farm to his two daughters, S. and K., for life, S. to have two-thirds of the income and K. one-third, " and after the decease of my two daughters," to their children in fee, in specified portions. S. died, leaving children.—*Held,* that K. is entitled to only one-third of the income, and the remaindermen to the other two-thirds.

Bill for construction of will and account.

*Mr. J. H. Lippincott,* for complainant.

*Mr. C. E. Hendrickson* and *Mr. B. Gummere,* for defendants.

THE CHANCELLOR.

Joseph Hillard, late of Burlington county, died in 1843. By the fourth section of his will he devised as follows :

"*Fourth.* I give, devise and bequeath to my two daughters, Sarah Lippin-cott and Keziah Woolston, all that part of my farm and plantation where I now live, that is marked and numbered one (1) on the general map of the same made by Daniel Wills, the eleventh day of April, A. D. eighteen hun-dred and forty-two, and attached to this my last will and testament by wafer, as by reference thereto being had will more fully and at large appear, and which contains one hundred and twenty-eight acres of land, more or less, and that in the following manner, to wit:

" My daughters, Sarah Lippincott and Keziah Woolston, to have, hold, use and enjoy the same for and during the term of their natural lives, as follows, viz.: Sarah Lippincott to have the benefit and profit arising from two-thirds . thereof, and Keziah Woolston to have the benefit and profit arising from the other one-third part thereof, and that for and during the term of their natural lives, and after the decease of my two daughters, Sarah Lippincott and Keziah Woolston, I then give, devise and bequeath to their children in the following manner, viz.: to Joshua Lippincott, son of daughter Sarah, to have two shares; to Matilda Woolston, daughter of my daughter Keziah, to have two shares, and the other children of my said daughters to have one share thereof, the same to them, their heirs and assigns forever. But, if in the event of the death of Matilda Woolston without lawful issue, then, in that case, her share to descend to the children of Sarah Lippincott, share and share alike."

Sarah is dead, but Keziah survives. The latter claims that she, on the death of the former (who left children), became en-titled to the use of the whole of the farm for life, instead of only one-third of it, as theretofore. The estate given to Sarah and Keziah by the will is a tenancy in common, and there is therefore no survivorship. The statute would, if the property had been given to them for life in equal shares, forbid a construction which would hold that the estate is by implication a joint tenancy. It provides that no estate, after the passing of the act (February 4th, 1812), shall be considered to be an estate in joint tenancy, except it be expressly set forth in the grant or devise creating it,. that it is the intention of the parties to create an estate in joint tenancy, and not an estate of tenancy in common. *Rev. 167.* Keziah is not entitled to a life estate in the whole farm, but only in the one-third. The persons to whom the remainder is given became, on the death of Sarah, entitled to the possession of the other two-thirds. The fact that, by the language of the will, the remainder is to take effect on the death of the " two daugh-ters," will not, although only one of them is dead, prevent that.

construction. The words, "after the death of my two daughters," will be construed to mean after the death of the two respectively. A gift to A and B as tenants in common, for their lives, and "at their deaths," or "at the death of A and B," to their children, goes, on the death of each tenant for life, to his children. *Flinn* v. *Jenkins*, *1 Coll. 365; Taniere* v. *Pearkes, 2 Sim. & Stu. 383; Willes* v. *Douglass, 10 Beav. 44; Turner* v. *Whittaker, 19 Beav. 196; Sarel* v. *Sarel, Id. 87; Swan* v. *Holmes, 19 Beav. 471; Abrey* v. *Newman, 16 Beav. 431; Brown* v. *Jarvis, 2 De Gex, F. & J. 168; Drakeley's Estate, 19 Beav. 395; Arrow* v. *Mellish, 1 De Gex & S. 355; Doe d. Patrick* v. *Boyle, 13 Q. B. 100*. The remainder is to Joshua Lippincott and Matilda Woolston and the other children of Sarah and Keziah. The children of Sarah and Keziah, at the testator's death, took an immediate vested interest in remainder, subject to be divested *pro tanto* upon the birth of other children. *Heater* v. *Van Auken, 1 McCart. 159; Graham* v. *Houghtalin, 1 Vr. 552*. As the life estates carved out of the fee cease to exist, and the fee is relieved of them, the remaindermen are entitled to possession.